## COKE v. UVALDE PAVING CO.
### No. 11482.

Court of Civil Appeals of Texas. Dallas.
Oct. 20, 1934.

Rehearing Denied Nov. 17, 1934.

Coke & Coke and Henry C. Coke, Jr., all of Dallas, for appellant.

Bartlett, Thornton & Montgomery, of Dallas, for appellee.

BOND, Justice.

This suit is predicated upon a special assessment paving certificate, issued by the town ·of Highland Park, Tex., containing evidentiary recitals authorized by article 1090, R. S. 1925.

On trial before the court, without the intervention of a jury, judgment was rendered for the plaintiff, appellee, and the defendant has appealed to this court.

The principal contention on this appeal is that the town determined to pave "Cowper Avenue from the North line of Armstrong Avenue to the South line of Gillon Avenue, in Highland Park"; formulated plans and speci- fications for the improvement of said street from curb to curb; passed and approved ordinances to that effect and issued notices for hearing of special benefits to the owners of ·property abutting thereon; levied assessments against the property and owners in accordance therewith; that the only notice issued and served on appellant evidencing the town's purpose to levy the assessment was based on re- citals of its intention and proposal to pave the entire defined limits of the street on which ap- pellant's property abuts 303.5 feet and to assess him as part of the cost thereof the sum of $959.67; and that no notice was ever given by said town to appellant of its intention to assess him for part of the cost of pavement that should extend only halfway across the street where his property abuts thereon and as was actually laid. Therefore, the town of Highland Park was without legal right or authority to issue the certificate sued upon and that the same is unenforceable under section 19 of article 1, of the Texas Constitution, and article 1093 of the Revised Statutes of Texas, and the Fourteenth Amendment to the Constitution of the United States, and to require appellant, under the circumstances, to pay the same would deprive him of his property without due process of law. The essence of the contention is the omission to pave the opposite side of the street from appellant's property, and the formalities attending the notice for a hearing on the assessment failed to meet the requirements of the law.

There is, we think, only the one question in the case for this court to determine, viz.: Was reasonable notice given, as required by article 1093 of the Revised Statutes? The question raised by appellant, as to the validity of the contract, the legality of the hearing, the performance of the contract, and "due process" are based on the insufficiency of the notice. If the notice was regular, the entire proceedings are regular. The question of benefits cannot be raised in this proceeding.

It is conceded, and the undisputed evidence shows, that only one-half of Cowper avenue adjacent to appellant's property has been paved, a 15-foot strip between the center of the street and his curb line extending the length of his lot, 303.5 feet; that the other half of the street is adjacent to property exempt from sale under execution.; and that the owner thereof refused to secure and was unable to pay the cost of his proportionate part of the improvement. For these reasons, the pavement adjacent to said property was omitted. If the notice served upon appellant was such as not to visit knowledge to him of the right of the town to omit the pavement adjacent to the exempted property, then there was not that "due process" prescribed by law to afford appellant an opportunity to be heard and be given full and fair opportunity to offer evidence upon the subject of inquiry.

The ordinance of intention, the ·initial ordinance, respecting the improvement and every other ordinance in the series of ordinances affecting the assessment against the property owners, evidence the intention of the municipality to pave Cowper avenue from the north line of Armstrong avenue to the south line of Gillon avenue in the town of Highland Park, "in accordance with the terms and conditions as prescribed by chapter 11, title 22, Revised Statutes of Texas of 1911, and title 28, chapter 9, Revised Statutes of Texas of 1925." The plans and specifications were based on the initial ordinance, the contract for the improvements was founded thereon, and the assessment made in accordance with the recited statutes. The ordinance determining to fix a lien by assessment and personal liability of the owners and providing for the hearing specified the contemplated street improvement, the assessment to be made and the hearing to be had in the manner prescribed by the provisions of the statutes. The pertinent provisions of the statutes referred to in the ordinances are as follows:

"Art. 1091. Nothing herein shall be construed to empower any city to fix a lien by assessment against any property exempt by law from sale under execution; but the owner of such exempt property shall nevertheless be personally liable for the cost of improvements constructed in front of his property, which may be assessed against him. The fact that any improvement is omitted in front of exempt property shall not invalidate the lien of assessments made against other property on the highway improved, not so exempt."

"Art. 1093. No assessment of any part of the cost of such improvement shall be made against any property abutting thereon or its owner, until a full and fair hearing shall first have been given to the owners of such property, preceded by a reasonable notice thereof given to said owners, their agents or attorneys. Such notice shall be by advertisement inserted at least three times in some newspaper published in the city, town or village where such tax is sought to be levied, if there be such a paper there, if not, then in the nearest to said city, town or village, of general circulation in the county in which said city is located, the first publication to be made at least ten days before the date of the hearing. The governing body may provide for additional notice cumulative of notice by advertisement."

"Art. 1094. Said hearing shall be before the governing body of such cities, at which such owners shall have the right to contest the said assessment and personal liability, and the regularity of the proceedings with reference to the improvement, and the benefit of said improvement to their property, and any other matter relating thereto. * * *"

"Art. 1096. Any property owner, against whom or whose property any assessment or reassessment has been made, shall have the right within twenty days thereafter, to bring suit to set aside or correct the same, or any proceeding with reference thereto, on account of any error or invalidity therein. But thereafter such owner, his heirs, assigns or successors, shall be barred from any such action, or any defense of invalidity in such proceedings or assessments or reassessments in any action in which the same may be brought in question."

The ordinances were published in the manner required by the terms of the quoted statutes, copies thereof served upon the various property owners, including appellant, and the hearing had in accordance therewith. The question then arises: Do the statements in the ordinances, published and served on appellant, that the town council had ordered the improvements of Cowper avenue from the north line of Armstrong avenue to the south line of Gillon avenue, and had determined to assess a part of the cost against the abutting property in accordance with designated statutory provisions, mean that the entire street shall be paved from curb to curb irrespective of exemptions, disregarding the provisions of article 1091 of the Revised Statutes? We think not. The notice served on appellant is not inconsistent with the provisions of the statute, allowing the town authorities to omit the improvement abutting on property exempt from special assessment liens. The statute extends limitation to the acts of the town, and the adoption of the initial ordinance confers jurisdiction on the governing body to exercise all the powers authorized by title 26, chapter 9, of the Revised Statutes of 1925, and to enter into a contract for the improvement of the entire street, with the proviso by reference that exempted property may be omitted. The notice of the proposed assessment for the paving of the street given by the town of Highland Park to appellant is reasonably susceptible of being construed as a notice that the town intended and proposed to pave the entire portion of the street from curb to curb, reserving unto it the right to omit the improvement in front of exempted property, without invalidating the lien of assessment made against other property on the highway improvement not so exempted, or the personal liability of the owners of the property.

The ordinances fixed a time for a hearing for contests to the assessment and personal liability, the regularity of the proceedings, the benefit of said improvement to abutting property, and any other matter relating thereto. The published notice, a copy of which appellant received, contained specific reference to all of the proceedings that had taken place that they were had under the provisions of the designated statutes hereinbefore referred to; that, at a designated time and place, a hearing would be given the interested parties, at which they might appear and would be given a full and fair hearing; and that thereafter such sums would be assessed as the council would determine.

Aside from that, appellant is charged with notice of the terms of the law, limiting the jurisdiction of the council as to exempt property and after the hearing, unless suit was brought within twenty days, he be deprived of any defense of invalidity in the paving proceedings. We are of the opinion that the constitutional requirement of due process is satisfied by the hearing on the notice served on appellant.

which, by reference to the statute, limited the process of assessments. Therefore, it cannot be said that appellant was deprived of due process of law; it was the very process prescribed by statute; and, being notified of the hearing, he was charged with knowledge of and bound by the action of the governing body acting within the sphere of its jurisdiction. There is nothing in the ordinances affecting the improvement or the notice served on appellant that could be reasonably construed that the city council intended to pave the street without the purview of the cited statutes, but that it was acting clearly within the terms and conditions thereof, thus perfecting the liability of appellant.

We being unable to find favorably on any of appellant's contentions on this appeal, they are overruled, and the judgment of the lower court is affirmed.

Affirmed.